IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO.: 3:20cr316

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CONSENT ORDER AND |
| ) | JUDGMENT OF FORFEITURE |
| TITO SIVALIYEA ALEXANDER ) | |

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 924 and/or 28 U.S.C. § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

**One Glock, model 19, 9mm pistol, magazine, and ammunition seized from Defendant during the investigation.**

2. The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

3. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

4. Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and request for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

6. As to any specific assets, following the Court's disposition of all timely petitions, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property involved in or used in the offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. § 924 and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so. As to any firearms listed above and/or in the charging instrument, Defendant consents to destruction by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion deem to legally sufficient, and waives any and all right to further notice of such process or such destruction.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

*/s/ Stephen Spaugh for*
KIMLANI M. FORD
Assistant United States Attorney

*/s/ Tito Cee*
TITO SILVALIYEA
Defendant

*/s/ Peter Adolf*
PETER ADOLF, ESQ.
Attorney for Defendant

Signed this the 24th day of February, 2021.

*/s/*
UNITED STATES MAGISTRATE JUDGE